IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PAMELLA WILSON, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3: 23-cv-00945 |
| ) | Judge Richardson/Frensley |
| THECOFFEECONNEXION ) | |
| COMPANY, INC., d/b/a FOOD ) | |
| CONCEPTS, ) | |
|     Defendant. ) | |

## REPORT AND RECOMMENDATION

This fee-paid, pro se employment discrimination action is before the Court on the motion of Defendant CoffeeConnexion Company, Inc., d/b/a Food Concepts (Coffeeconnexion or Defendant) to dismiss Plaintiff's complaint for failure to state a claim. Docket No. 12. Plaintiff opposes the motion, and the matter is fully briefed. For the reasons set forth below, the undersigned recommends Defendant's motion be granted and the complaint be dismissed.

### I. BACKGROUND

Plaintiff Pamella Wilson, proceeding pro se, is a Black female who works as a supervisor at defendant Coffeeconnexion. She filed her court form complaint for employment discrimination under Title VII, alleging she was discriminated against based on her race (Black), color, gender (female), and national origin (American). Docket No. 1, p. 4. Plaintiff checked two boxes and complained of discriminatory conduct pertaining to: (1) unequal terms and conditions of employment, and (2) retaliation. *Id.*

Plaintiff makes the following factual allegations gleaned from her form Complaint,[1]

---

[1] Plaintiff failed to provide any facts or an attachment containing facts as instructed to do so on the

"supplement" to her Complaint, and "motion in opposition" to Defendant's motion, construed by the undersigned as a response to Defendant's motion. Docket Nos. 1, 14, 15.

She is a current employee of Defendant who works as a supervisor in Building 801B and who does not speak Spanish. Docket No. 15, p. 2. She is not allowed to discipline Hispanic employees for violating company policy which she believes is "unfair." Docket No. 1-1, p. 3. She was wrongly disciplined for purportedly mistreating Hispanic employees. *Id.*

She began receiving verbal complaints from her supervisor, Jeff Lawrence, about purportedly mistreating Hispanic employees in early spring 2022, and her hours were subsequently reduced from July to August 2022. Docket No. 15, p. 7.

On April 6, 2023, there was a meeting with Lidia Paz, Hispanic female; Jeff Lawrence, white male; and herself, at which time Paz accused Plaintiff of taking pictures of her and other employees on her cellphone. Docket No. 15, pp. 7-8. On April 12, 2023, she was reprimanded by her employer for doing so. Prior to April 12, she had never received a reprimand from defendant-employer. Docket No. 15, pp. 3, 5. She has text messages from Lawrence asking her to complete certain duties, as well as other messages in which employees ask Lawrence to address certain employee conduct. Docket No. 15, p. 5. The text messages also include pictures or videos documenting issues with machines or safety violations, as well as improper cleaning techniques around the building. *Id.*

On April 12, she expressed concerns to Lawrence about mistranslations and her inability to understand Spanish. Docket No. 15, p. 8. She also discussed recording audio at the workplace for her own use. *Id.* On April 24, she wrote a statement in English and Spanish for fellow employees about her using a phone app translator in order to better communicate with them and

---

form complaint.

2

Case 3:23-cv-00945    Document 19    Filed 06/13/24    Page 2 of 12 PageID #: 488

for them to be able to seek her out as a supervisor instead of Paz. *Id.* On April 26, she wrote another statement about audio recordings, which was later found in the trash. Docket No. 15, p. 8.

As a result, on May 15, Defendant introduced new employee handbooks and job descriptions which included policy changes on cell phones, recording devices, chain of command, and overtime. On May 17, she informed Defendant that an employee had unplugged a metal detector and replaced it with a phone charger wrapped in a glove. Docket No. 15, p. 6.

On June 8, Hector Campos, Hispanic male, informed the Spanish speaking employees that Plaintiff was the supervisor of Building 801B. Docket No. 15, p. 6. She is afraid to instruct and discipline all employees, not just those of Hispanic origin. *Id.* In June 2023, however, she cited two male employees, one of whom appears to be Hispanic, and another who appears to be non-Hispanic. *Id.*

On weekends, three non-supervisory employees have been performing her responsibilities as a supervisor. Docket No. 15, p. 6. Lidia Paz has been performing duties as an acting supervisor. Docket. No. 14, pp. 2, 4. Plaintiff has concerns about Paz's qualifications to supervise employees. Docket No. 15, p. 7. Paz is bilingual and translates for employees. *Id.* The weekend crew is all Hispanic. Plaintiff complains that Defendant requires her to use a translator app on her cell phone. Docket No. 15, p. 8.

For relief, Plaintiff seeks "early retirement with full benefits" and $150,000.00 in damages. Docket No. 1, p. 5.

Plaintiff attached to her complaint a copy of her Charge of Discrimination filed with the Tennessee Commission on Human Rights on June 20, 2023, along with her Notice of Right to Sue. Docket No. 1, pp. 5-6, Docket No. 1-1, pp. 7-8 . In her charge, Plaintiff states in relevant part:

> I've made multiple complaints to Jeff Lawrence (white/male), Supervisor, of Hispanic employees not following company policy and I not being allowed to

3

> discipline them. I've been cussed out by Jeff and Fidel (Hispanic male) several times and have reported this to Rachel Moore (white/female), HR, but no action has been taken and the behavior continues. On April 12, 2023, I was unfairly interviewed and written up by Rachel and Respondents Attorney due to false allegations of mistreatment of Hispanics. I have also complained to Jeff and Hector (LNU/Hispanic/male) of not being allowed to work overtime and I believe this in in retaliation because other Supervisors are allowed to work overtime.

Docket No. 1-1, p. 3.

Defendant now moves to dismiss for failure to state a claim. Docket Nos. 12, 17. Defendant argues Plaintiff fails to state an adverse action by her employer in support of her discrimination claim, (Docket 17, pp. 3-4) and fails to allege Defendant treated similarly situated, non-protected employees more favorably. Docket No. 12-1, pp. 3, 5. Defendant argues Plaintiff makes no mention of any allegations regarding race or color in her motion in opposition or in her supplemental pleading. Docket No. 17, p. 2. Defendant argues that whatever claim Plaintiff has alleged regarding race and color, these claims are analogous to her discrimination claim based on actual or perceived national origin as an American. *Id.* Defendant contends that Plaintiff's allegations of unequal terms and conditions of employment based on her gender and national origin, are blanket assertions of discrimination, and not a showing of discrimination meeting all required elements of proof. *Id.*

As to overtime, Defendant states it chose to allow non-supervisors to work as acting supervisors during overtime hours merely as part of its business plan and to save money. Docket No. 17, p. 5. Defendant contends Plaintiff has failed to connect her national origin to an adverse employer action and that it simply chose another qualified person to work overtime on a Saturday. *Id.* The undersigned agrees with Defendant.

## II. LAW AND ANALYSIS

A cause of action fails to state a claim upon which relief may be granted when it lacks

4

"plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (2009) (quoting Fed. R. Civ. P 8(a)(2)).

To survive a motion to dismiss, the factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). In the employment context, while a plaintiff is not required to plead all elements of a *prima facie* case to survive a motion to dismiss, she still must meet the *Iqbal* general plausibility requirement. *Thomas v. Tennessee Dep't of Hum. Servs.*, No. 3:21-CV-00426, 2022 WL 2286780, at *8 (M.D. Tenn. June 23, 2022).

Generally, the Court should liberally construe pro se pleadings, holding them to less stringent standards than those drafted by lawyers. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(cleaned up). Nevertheless, courts are not required to conjure up unpleaded allegations or guess at the nature of an argument. *Brown v. Cracker Barrell Rest.,* 22 F. App'x 577, 578 (6th Cir. 2001). The complaint "still must allege sufficient facts to support the claims advances." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Dunne v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct

5

a legal theory for plaintiff that assumed facts that have not been pleaded."). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem*. Corp. 280 F.3d 868, 870 (8th Cir. 2002). Nor are pro se litigants exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

1. **Title VII Discrimination Claims**

Title VII prohibits, broadly speaking, "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013). The prima facie elements of a discrimination claim under Title VII are plaintiff (1) is a member of a protected group; (2) was subjected to an adverse employment decision; (3) was qualified for the position; and (4) was replaced by a person outside the protected class, or a similarly situated non-protected employee was treated more favorably.' " *Evans v. Walgreen Co.*, 813 F. Supp. 2d 897, 921 (W.D. Tenn. 2011) (quoting *Corell v. CSX Transp., Inc.*, 378 F. App'x 496, 501 (6th Cir. 2010)). The elements of a prima facie case are not inflexible and vary slightly with the specific elements of each case. *Breeding v. Arthur J. Gallagher and Co.*, 164 F.3d 1151, 1156 (8th Cir. 1999).

An employment discrimination complaint does not need to contain specific facts establishing a prima facie case to survive a motion to dismiss for failure to state a claim. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 510–12 (2002). The elements of a prima facie case are relevant, however, as they are "part of the background against which a plausibility determination should be made." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) citing *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 57 (1st Cir. 2013); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)("While the 12(b)(6) standard does not require that Plaintiff

6

establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.")

Plaintiff's complaint fails to set forth a plausible claim of national origin discrimination. Plaintiff alleges that her national origin is American. Docket No. 1-1, p. 3. The gist of her allegations, taken from her "supplement" to her complaint, seems to be that she does not speak Spanish, is unable to communicate with and manage her Hispanic coworkers, and that she is not shown respect by her Hispanic coworkers. Docket No. 14, pp. 2-5. She alleges she is fearful of instructing and disciplining all employees, not only those of Hispanic origin. Docket No. 15, p. 6. Despite this, in June 2023, Plaintiff gave citations to two male employees of different backgrounds, one of whom is Hispanic, while the other appears to be non-Hispanic. *Id.* Despite her fear, Plaintiff has disciplined employees of both Hispanic and American national origin, with no adverse consequences or unequal treatment. *Id.*

In her complaint, "supplement" to her complaint and motion in opposition, Plaintiff does not identify any adverse employment action taken against her by her employer, nor does she identify a similarly situated employee who received better treatment than herself. Plaintiff's allegations seem to be suggestions as to how Defendant could operate more effectively if her supervisors followed her advice, as well as a general complaint that certain employees of equal or lower status do not accord her adequate respect.

Plaintiff complains that Defendant chose another Spanish-speaking employee to work overtime weekend shifts as a supervisor. Docket No. 14, p. 2. She seems to complain that Lidia Paz is treated more favorably because she performs overtime work as active supervisor on weekends. However, Paz is not a similarly situated employee. Paz is not a supervisor but has additional skills in translation. Plaintiff admits that Paz translates between English and Spanish

7

and that the weekend cleaning crew is exclusively comprised of Hispanic employees. *Id.*, p. 4. Plaintiff has not connected her ethnicity as an American as a motivating factor in her not being asked to work overtime.

Taking all of Plaintiff's allegations as true and construing the pleadings in the light most favorable to Plaintiff, on this record, Plaintiff has pled only that Defendant chose another employee who speaks Spanish to work overtime shifts as a supervisor. These facts are insufficient to allow the reasonable inference that Plaintiff was discriminated against because of her national origin. The undersigned therefore recommends that Defendant's motion to dismiss this claim be granted.

The same holds true for Plaintiff's allegations based on race and color. Other than noting she is Black/African American in her charge; Plaintiff makes no relevant mention of her race or color in her "supplement" to her complaint and motion in opposition. Docket Nos. 14-15. Plaintiff's allegations based on race and color are analogous to her discrimination claim based on her perceived or actual national origin as an American and are therefore insufficiently pled as well.

Finally, to the extent Plaintiff makes allegations of unequal terms and conditions of employment based on her gender as a woman, presumably that she has been denied overtime work, this claim fails. Plaintiff does not identify an individual outside of her gender who received more favorable treatment. Instead, she alleges that Paz, who is also female, was provided weekend overtime work. *See generally*, *Evans v. Walgreen Co.*, 813 F. Supp. 2d at 921 (elements of prima facie case; plaintiff should allege that a similarly situated non-protected employee was treated more favorably). Accordingly, Plaintiff fails to state a claim for discrimination claim based on her gender.

Based on the foregoing, Plaintiff's Title VII claims of discrimination based on national origin, color, race, and gender should be dismissed.

### 2. Retaliation Claim

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must establish: (1) she engaged in activity protected by Title VII; (2) her exercise of protected activity was known by the defendant; (3) the defendant took an action that was materially adverse to the plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action. *Passmore v. Mapco Express, Inc.*, 447 F. Supp. 3d 654, 668 (M.D. Tenn. 2017). A claim of retaliation under Title VII is not based upon discrimination, "but instead upon an employer's actions taken to punish an employee who makes a claim of discrimination. *Haas v. Kelly Servs., Inc.,* 409 F.3d 1030, 1036 (8th Cir.2005) *abrogated in part on other grounds by Torgerson v. City of Rochester,* 643 F.3d 1031 (8th Cir. 2011*).* Title VII retaliation claims "must be proved according to traditional principles of but-for causation," which "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Texas Sw. Med, Ctr. v. Nassar*, 570 U.S, 338 (2013)

In her complaint, Plaintiff makes the conclusory allegation that Defendant's actions were retaliatory. Docket No. 1, p. 4. She provides no facts in her complaint. Nor does she allege that she was engaged in protected activity. To the extent she is alleging that she was unfairly interviewed and written up in April 2023, due to false allegations of mistreatment of Hispanics, and subsequently denied overtime opportunities, she has not alleged any protected activity. Further, plaintiff does not connect her reprimand to any material adverse action by Defendant to her employment.

Plaintiff attempts to cure the defect in her allegations in her response to Defendant's motion and "supplement" to her complaint. Docket Nos. 14-15. The additional pleadings do not cure her

9

allegations, however. Filing a charge of discrimination with the EEOC, as Plaintiff did here, is a protected activity under Title VII. Title VII's anti-retaliation provision forbids "discriminat[ion] against" an employee or job applicant who has "made a charge, testified, assisted, or participated in" a Title VII proceeding or investigation, 42 U.S.C. § 2000e-3(a). However, Plaintiff has not alleged that Defendant took an adverse employment action against her. To constitute an adverse employment action, the complained of action must be "materially adverse, which in the context [of a retaliation claim] means that it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. V. White,* 548 U.S. 53, 68 (2006)(citation and internal quotation omitted).

Plaintiff does not connect any actions on the part of Defendant to a protected activity or to a materially adverse employment action. To the extent she is alleging that her hours were reduced in July and August 2022 after she complained to Lawrence about her subordinates' substandard work, Docket No. 15, p. 7. Plaintiff did not file her EEO charge until June 2023, approximately one year after any alleged reduction in hours. *Id.* Therefore, no causal connection exists. *See Passmore*, 447 F. Supp 668.

Plaintiff further alleges that in April 2023, she expressed concerns about mistranslations and her own inability to understand Spanish, that she wrote a statement in both English and Spanish advising employees to come to her instead of Paz, as well as another statement about audio recordings that was later found in the trash, and that a new employee handbook was implemented in May 2023 in response to other employees' complaints about her actions, with changes regarding chain-of-command, overtime, and other matters. Docket No. 15, p. 8.

On this record, and liberally construing Plaintiff's allegations, Plaintiff seems to simply want more authority over coworkers. *Cf. Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th

10

Cir. 2001) (courts are not required to conjure up unpleaded allegations or guess at the nature of an argument.) Plaintiff's allegations do not rise to adverse employment changes to Plaintiff's work conditions with Defendant and have nothing to do with a protected activity which Defendant impeded.

The undersigned recommends Plaintiff's claim for retaliation should be dismissed for failure to state a plausible claim for relief.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant's motion to dismiss, Docket No. 12, be **GRANTED.**

The undersigned further recommends Plaintiff's motion to admit exhibits, Docket No. 16,[2] be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1);

---

[2] As a general rule, matters outside the pleadings may not be considered in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) unless the motion is converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Only when a document is referred to in the pleadings and is integral to the claims--which is not the case here--may it be considered without converting a motion to dismiss into one for summary judgment. *Doe v. Ohio State Univ.,* 219 F. Supp. 3d 645, 652-53 (S.D. Ohio 2016); *Blanch v. Trans Union, LLC*, 333 F. Supp. 3d 789, 791-92 (M.D. Tenn. 2018). The undersigned notes that none of the exhibits Plaintiff seeks to proffer otherwise impact the ruling on the motion to dismiss.

Fed. R. Civ. P. 72.

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**