IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PAMELLA WILSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:23-cv-00945 ) ) JUDGE RICHARDSON |
| THE COFFEECONNEXION COMPANY, INC., d/b/a FOOD CONCEPTS, | ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court[1] is a Report and Recommendation (Doc. No. 19, "R&R") of the Magistrate Judge, wherein the Magistrate Judge recommends that the Court grant the motion to dismiss (Doc. No. 12, "Motion to Dismiss") filed by Defendant, deny the motion to admit exhibits (Doc. No. 16, "Motion to Admit") filed by Plaintiff, and dismiss this action in its entirety. Plaintiff filed objections to the R&R (Doc. No. 22, "Objections"),[2] to which Defendant filed a response (Doc. No. 23, "Response").

For the reasons stated herein, the Court overrules the Objections, adopts the recommendations of the Magistrate Judge in the R&R, denies the Motion to Admit, grants the Motion to Dismiss, and dismisses this action in its entirety.

---

[1] Herein, "the Court" refers to the undersigned district judge, as opposed to the magistrate judge who authored the R&R.

[2] Herein, "Objections" refers both to the document (Doc. No. 22) itself and to objections contained therein (i.e., the "objections" to the R&R contained within the "Objections").

BACKGROUND

Plaintiff does not provide a reasonable basis to dispute in any way the summary of factual allegations (which the Magistrate Judge properly accepted as true for purposes of the Motion to Dismiss) set forth in the R&R.[3] Therefore, the Court adopts that summary in its entirety and includes it here for reference.

> Plaintiff Pamella Wilson, proceeding pro se, is a Black female who works as a supervisor at defendant Coffeeconnexion. She filed her court form complaint for employment discrimination under Title VII, alleging she was discriminated against based on her race (Black), color, gender (female), and national origin (American). Docket No. 1, p. 4. Plaintiff checked two boxes and complained of discriminatory conduct pertaining to: (1) unequal terms and conditions of employment, and (2) retaliation. *Id*.
>
> Plaintiff makes the following factual allegations gleaned from her form Complaint,[1] "supplement" to her Complaint, and "motion in opposition" to Defendant's motion, construed by the undersigned as a response to Defendant's motion. Docket Nos. 1, 14, 15.
>
> She is a current employee of Defendant who works as a supervisor in Building 801B and who does not speak Spanish. Docket No. 15, p. 2. She is not allowed to discipline Hispanic employees for violating company policy which she believes is "unfair." Docket No. 1-1, p. 3. She was wrongly disciplined for purportedly mistreating Hispanic employees. *Id*.
>
> She began receiving verbal complaints from her supervisor, Jeff Lawrence, about purportedly mistreating Hispanic employees in early spring 2022, and her hours were subsequently reduced from July to August 2022. Docket No. 15, p. 7.
>
> On April 6, 2023, there was a meeting with Lidia Paz, Hispanic female; Jeff Lawrence, white male; and herself, at which time Paz accused Plaintiff of taking pictures of her and other employees on her cellphone. Docket No. 15, pp. 7-8. On April 12, 2023, she was reprimanded by her employer for doing so. Prior to April 12, she had never received a reprimand from defendant employer. Docket No. 15,

---

[3] Via the Objections, Plaintiff asserts additional facts and "evidence" for the Court's consideration. (Doc. No. 22). However, the Court does not find these facts material to deciding the R&R because they were not alleged in either the Complaint (Doc. No. 1, "Complaint") or the Supplemental Complaint (Doc. No. 14, "Supplemental Complaint"). Moreover, issues raised "in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived." *Valentine v. Gay*, No. 3:23-cv-00204, 2023 WL 7930049, at *2 (M.D. Tenn. Nov. 16, 2023) (citing *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000)).

pp. 3, 5. She has text messages from Lawrence asking her to complete certain duties, as well as other messages in which employees ask Lawrence to address certain employee conduct. Docket No. 15, p. 5. The text messages also include pictures or videos documenting issues with machines or safety violations, as well as improper cleaning techniques around the building. *Id*.

On April 12, she expressed concerns to Lawrence about mistranslations and her inability to understand Spanish. Docket No. 15, p. 8. She also discussed recording audio at the workplace for her own use. *Id*. On April 24, she wrote a statement in English and Spanish for fellow employees about her using a phone app translator in order to better communicate with them and for them to be able to seek her out as a supervisor instead of Paz. *Id*. On April 26, she wrote another statement about audio recordings, which was later found in the trash. Docket No. 15, p. 8.

As a result, on May 15, Defendant introduced new employee handbooks and job descriptions which included policy changes on cell phones, recording devices, chain of command, and overtime. On May 17, she informed Defendant that an employee had unplugged a metal detector and replaced it with a phone charger wrapped in a glove. Docket No. 15, p. 6.

On June 8, Hector Campos, Hispanic male, informed the Spanish speaking employees that Plaintiff was the supervisor of Building 801B. Docket No. 15, p. 6. She is afraid to instruct and discipline all employees, not just those of Hispanic origin. *Id*. In June 2023, however, she cited two male employees, one of whom appears to be Hispanic, and another who appears to be non-Hispanic. *Id*.

On weekends, three non-supervisory employees have been performing her responsibilities as a supervisor. Docket No. 15, p. 6. Lidia Paz has been performing duties as an acting supervisor. Docket. No. 14, pp. 2, 4. Plaintiff has concerns about Paz's qualifications to supervise employees. Docket No. 15, p. 7. Paz is bilingual and translates for employees. *Id*. The weekend crew is all Hispanic. Plaintiff complains that Defendant requires her to use a translator app on her cell phone. Docket No. 15, p. 8.

For relief, Plaintiff seeks "early retirement with full benefits" and $150,000.00 in damages. Docket No. 1, p. 5.

Plaintiff attached to her complaint a copy of her Charge of Discrimination filed with the Tennessee Commission on Human Rights on June 20, 2023, along with her Notice of Right to Sue. Docket No. 1, pp. 5-6, Docket No. 1-1, pp. 7-8. In her charge, Plaintiff states in relevant part:

> I've made multiple complaints to Jeff Lawrence (white/male), Supervisor, of Hispanic employees not following company policy and I not being allowed to discipline them. I've been cussed out by Jeff and Fidel (Hispanic male) several times and have reported this

> > to Rachel Moore (white/female), HR, but no action has been taken and the behavior continues. On April 12, 2023, I was unfairly interviewed and written up by Rachel and Respondents Attorney due to false allegations of mistreatment of Hispanics. I have also complained to Jeff and Hector (LNU/Hispanic/male) of not being allowed to work overtime and I believe this in in retaliation because other Supervisors are allowed to work overtime.
>
> Docket No. 1-1, p. 3.
>
> Defendant now moves to dismiss for failure to state a claim. Docket Nos. 12, 17. Defendant argues Plaintiff fails to state an adverse action by her employer in support of her discrimination claim, (Docket 17, pp. 3-4) and fails to allege Defendant treated similarly situated, non-protected employees more favorably. Docket No. 12-1, pp. 3, 5. Defendant argues Plaintiff makes no mention of any allegations regarding race or color in her motion in opposition or in her supplemental pleading. Docket No. 17, p. 2. Defendant argues that whatever claim Plaintiff has alleged regarding race and color, these claims are analogous to her discrimination claim based on actual or perceived national origin as an American. *Id*. Defendant contends that Plaintiff's allegations of unequal terms and conditions of employment based on her gender and national origin, are blanket assertions of discrimination, and not a showing of discrimination meeting all required elements of proof. *Id*.
>
> As to overtime, Defendant states it chose to allow non-supervisors to work as acting supervisors during overtime hours merely as part of its business plan and to save money. Docket No. 17, p. 5. Defendant contends Plaintiff has failed to connect her national origin to an adverse employer action and that it simply chose another qualified person to work overtime on a Saturday. *Id*.

(Doc. No. 19 at 1–4) (footnote omitted). In the above-indicated footnote within the above text, the Magistrate Judge noted, "Plaintiff failed to provide any facts or an attachment containing facts as instructed to do so on the form complaint." (*Id.* at 1 n.1).

In his analysis, the Magistrate Judge concluded that the Motion should be granted and Plaintiff's claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, should be dismissed. Specifically, the Magistrate Judge concluded that Plaintiff's Title VII claims of discrimination based on race, color, and national origin should be dismissed because Plaintiff failed to identify any adverse employment action taken by Defendant against her, or a similarly

situated employee who Defendant treated better than Plaintiff. (*Id*. at 7). The Magistrate Judge also determined that Plaintiff failed to state a claim of gender discrimination under Title VII because she did not identify any individual outside of her gender who received more favorable treatment. (*Id*. at 8). Finally, the Magistrate Judge rejected Plaintiff's retaliation claim on the grounds that she does not tie any of Defendant's actions to a protected activity or a materially adverse employment action. (*Id*. at 10). So in addition to failing to identify a protected activity or materially adverse employment action, the Magistrate Judge reasoned, Plaintiff has not established a causal connection between the two, as is additionally required to state a claim for retaliation under Title VII. (*Id*.).

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this

context*."* *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed the R&R and the Objections. Below, the Court conducts a *de novo* analysis of the portions of the R&R challenged by the Objections.[4]

## ANALYSIS

### I. Plaintiff's Objections, Generally

The R&R recommends that the Court grant Defendant's motion to dismiss the action filed by Plaintiff and deny Plaintiff's motion to admit exhibits. (Doc. No. 19 at 11). Plaintiff makes

---

[4] Defendant urges the Court to deny Plaintiff's Objections, which were filed 19 days after the R&R was filed, as untimely. Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For pro-se plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. Therefore, under this general rule, the deadline for Plaintiff's Objections presumptively would be 17 days after June 13, i.e., June 30, which would be extended to July 1 in this instance because June 30 is a Sunday.

On June 24, 2024—several days before her deadline to file objections to the R&R—Plaintiff filed a motion to extend the deadline to object, on the basis that she did not receive the R&R by mail until June 22, 2024. (Doc. No. 20, "Motion to Extend"). The undersigned granted Plaintiff's Motion to Extend on the condition that, on or before July 1, 2024, Plaintiff file proof that she in fact received the R&R on June 22, 2024, and not before. (Doc. No. 21). If Plaintiff filed such proof by July 1, 2024, the Court explained, it would extend until July 11, 2024 her deadline to file her objections to the R&R. (*Id.*). Plaintiff missed the deadline to file such proof, instead filing her Objections on July 2, 2024—one day after her deadline to do so—without any mention (much less proof) of when she received the R&R. On July 15, however, Plaintiff filed a reply (Doc. No. 24, "Plaintiff's Reply") to Defendant's Response, in which she stated that, as of July 15, she had not yet received by mail the undersigned's Order (Doc. No. 21) granting her Motion to Extend on the condition that she file (by July 1) proof that she received the R&R on June 22; rather, Plaintiff claimed, she learned about the Order at Doc. No. 21 by googling the case and reading the filing summaries. (Doc. No. 24 at 1). Plaintiff also stated in Plaintiff's Reply that the post office could not verify the date that the R&R was delivered to her because the R&R, sent as first-class mail, did not include tracking. (Doc. No. 24 at 1). Plaintiff attached a note stamped by a United States Post Office in Lebanon, Tennessee attesting to this assertion. (Doc. No. 24 at 5).

Because the Court finds credible Plaintiff's representations regarding the mail-delay, the Court will consider the Objections as timely despite their being filed after the July 1 deadline and without proof that Plaintiff in fact received the R&R only on June 22. Moreover, the Court finds that its decision to evaluate Plaintiff's Objections on the merits does not prejudice Defendant because Defendant had the opportunity to respond (and, wisely, did so respond) to Plaintiff's Objections on the merits via the Response.

several objections to the R&R, some of which are directed toward her discrimination claims, others of which are directed toward he retaliation claim, but all of which fail for the reasons stated herein.

## II. Objections to Dismissal of Plaintiff's Discrimination Claims

Plaintiff begins her Objections by contending that the Magistrate Judge's recommendation to grant Defendant's Motion to Dismiss was "based on speculation." (Doc. No. 22 at 1-3). On this point, Plaintiff first highlights two instances in which the R&R appears to adopt language or reasoning used by Defendant in its Reply, which Plaintiff asserts demonstrates the Magistrate Judge's purported speculation. For example, Plaintiff takes issue with the R&R's statement that "Plaintiff complains that Defendant requires her to use a translator app on her cell phone." (Doc. No. 19 at 3 (citing Doc. No. 15 at 8)). Plaintiff argues that use of the word "complains" is speculative because it "is [Defendant's] opinion of what [Plaintiff] stated . . . ." (Doc. No. 22 at 1). Although it is true that this statement comes—nearly word-for-word—from Defendant's briefing (Doc. No. 17 at 5), the Magistrate Judge's use of the word "complain[]" does not suggest that his analysis or conclusion is speculative. In this context, the use of the word "complain" is unexceptional and not prejudicial to Plaintiff.

Additionally, Plaintiff contends that the Magistrate Judge improperly speculated that Plaintiff was "not in fear of disciplining employees" when the Magistrate Judge indicated that Plaintiff had alleged that "[d]espite her alleged fear [of disciplining employees], Plaintiff has disciplined employees of both Hispanic and American national origin, with no adverse consequences or unequal treatment." (Doc. No. 19 at 7 (citing Doc. No. 15 at 6)). This characterization by the Magistrate Judge of part of Plaintiff's allegations is supported by the facts alleged in the Supplemental Complaint, and is not improperly speculative, contrary to Plaintiff's assertion; that is, the Magistrate Judge here was not *speculating* about the subject of the

statement—the substance of certain of Plaintiff's allegations—but rather was fairly *summarizing* those allegations. Plaintiff also contends that the R&R is speculative because the Magistrate Judge appears to accept and agree with an argument made by Defendant that certain assertions by Plaintiff appear to be suggestions as to how Defendant could better operate its business, rather than factual allegations that form the basis for a discrimination claim under Title VII. (Doc. No. 22 at 3 (citing Doc. No. 19 at 7)). But there is nothing "speculative" or otherwise problematic with a judge finding persuasive (and ultimately agreeing with) the well-supported argument of a party.

Next, Plaintiff complains that the Magistrate Judge explained only why Lidia Paz was not a similarly situated employee (i.e., "comparable"), but ignored the possibility that an individual identified in the Supplemental Complaint besides Lidia Paz—namely, Carlos, Fidel, or Hector— could qualify as a similarly situated employee. (Doc. No. 22 at 3). However, a plaintiff "must show that [a] 'comparable[]' [is] similarly situated *in all* respects." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992) (quoting *Stotts v. Memphis Fire Dep't.*, 858 F.2d 289 (6th Cir. 1988)). "Courts regularly dismiss claims when a plaintiff fails to point to another employee that was similarly situated . . . ." *Jordan v. Mathews Nissan, Inc.*, 539 F. Supp. 3d 848 (M.D. Tenn. 2021). As for Carlos and Hector, Plaintiff has failed to establish that either one is similarly situated to Plaintiff in all respects because Plaintiff herself stated that only Fidel has the same job title she does. (Doc. No. 15 at 6).[5] And as for Fidel, the fact that he had the same job title does not necessarily mean that he qualifies as a similarly situated employee, but even assuming arguendo that he did qualify as such, Plaintiff has not alleged that (or how) he received better treatment than she did.

---

[5] In her Supplemental Complaint, Plaintiff also alleges that Carlos is a "machine operator from night shift 801A," rather than a supervisor like herself, further confirming that Carlos is not similarly situated in all respects. (Doc. No. 14 at 7).

Moreover, in objecting that the Magistrate Judge ignored the possibility that another individual (besides Lidia Paz) could be similarly situated to Plaintiff, Plaintiff apparently assumes that it is the Magistrate Judge's responsibility to identify any possible similarly situated employee, when in fact that responsibility falls on Plaintiff. The Magistrate Judge need not consider every individual who happens to be mentioned in the complaint but rather only those alleged to be similarly situated, and Plaintiff did not allege that anyone other than Lidia Paz was similarly situated.

Thus, Plaintiff's objection that the Magistrate Judge did not specifically address why every individual named in the Supplemental Complaint could not qualify as a similarly situated employee is without merit and is thus overruled.

Plaintiff next objects to the Magistrate Judge's conclusion that "Plaintiff has not connected her ethnicity as an American as a motivating factor in her not being asked to work overtime." (Doc. No. 19 at 8). Plaintiff insists that she has evidence that, if accepted, would "prove [her] case." (Doc. No. 22 at 5). But at the motion-to-dismiss stage, the Court is not concerned with evidence that conceivably could come to light during discovery and may or may not be admissible; rather, the Court must evaluate whether the allegations in the Complaint and Supplemental Complaint, accepted as true, are sufficient to state a claim for relief. Here, the allegations (accepted as true) do not state a claim for relief under the various causes of action brought by Plaintiff, and therefore, any "evidence" that Plaintiff purportedly has to establish those facts cannot be considered in deciding the Motion to Dismiss.[6] As such, that objection is overruled as moot.

---

[6] To the extent Plaintiff contends that additional facts not included in the Complaint or Supplemental Complaint would be sufficient to state a claim, Plaintiff's proper recourse would have been to seek leave to amend the Complaint (and Supplemental Complaint) accordingly. Given her failure to do so, the Court will not now entertain additional facts not pled in the Complaint or Supplemental Complaint.

In her last objection to the Magistrate Judge's analysis regarding Plaintiff's discrimination claims, Plaintiff contends that her "claims of being African American is not an insufficient plea," because under a Second Circuit decision (according to Plaintiff) "'Hispanic' ethnicity constitutes 'race'[] Under Title VII and Section 1981, and may also be cognizable under the rubric of national origin." (Doc. No. 22 at 6 (citing *Vill. of Freeport v. Barrella*, 814 F.3d 594 (2d Cir. 2016))). According to Plaintiff, the claims in *Barrella* are "parallel" to her claims because (again, according to Plaintiff) both cases involved reverse discrimination. (*Id*. at 7).

The Court overrules this objection because the Court does not see how an out-of-circuit case, purportedly concluding that Hispanic ethnicity can form the basis for either a race or national origin-based discrimination claim, has any bearing on the Magistrate Judge's basis for concluding that Plaintiff's national origin and race-based discrimination claims should be dismissed. As indicated above, the Magistrate Judge recommended dismissal of Plaintiff's national origin and race discrimination claims because Plaintiff failed to identify any adverse employment action taken by Defendant against her or a similarly situated employee who Defendant treated better than Plaintiff. Whether Hispanic ethnicity properly falls into the category of "race" or "national origin" (or both) for purposes of Title VII discrimination claims does not alter this conclusion.[7]

Accordingly, all of Plaintiff's objections to the dismissal of her discrimination claims are overruled.

---

[7] Additionally, whether Hispanic ethnicity properly falls into the category of "race" or "national origin" (or both) for purposes of Title VII discrimination claims has no bearing on this case because Plaintiff does not purport to be Hispanic, and whether any alleged comparators are members of a particular race (or national origin) is irrelevant so long as they are not the same race (or national origin) as Plaintiff.

### III. Objections to Dismissal of Plaintiff's Retaliation Claims

In addition to making various factual assertions not mentioned in the Complaint or Supplemental Complaint,[8] Plaintiff makes three specific objections to the Magistrate Judge's conclusion that Plaintiff failed to state a claim for retaliation under Title VII.

First, Plaintiff objects to the Magistrate Judge's use of the word "subordinates" in the following sentence in the R&R: "To the extent [Plaintiff] is alleging that her hours were reduced in July and August 2022 after she complained to Lawrence about her subordinates' substandard work, Docket No. 15, p. 7[,] Plaintiff did not file her EEO charge until June 2023, approximately one year after any alleged reduction in hours." (Doc. No. 22 at 10). Plaintiff contends that this statement is inaccurate because (according to Plaintiff) she complained about both subordinates *and* similarly situated employees working overtime. (Doc. No. 22 at 15).

The objection is overruled because (a) the complained-of word is used in a clause that sets forth no factual statement, but rather provides context for the conclusion that comes in the phrase that following the clause (after the comma), (b) even if the clause were taken as setting forth a factual statement, the statement would not be inaccurate, because it could not reasonably be construed to affirmatively represent that Plaintiff did not also complain about similarly situated employees in addition to complaining about subordinates. The objection is alternatively overruled as moot because the addition of a reference to similarly situated employees (in the first clause of the sentence) would not affect the validity of what matters in the sentence: the observation that "Plaintiff did not file her EEO charge until June 2023, approximately one year after any alleged reduction in hours." The objection is alternatively overruled as moot because as explained above, Plaintiff has not identified in either the Complaint or Supplemental Complaint a similarly situated

---

[8] For the reasons indicated in footnote 6 above, the Court need not (and does not) consider the factual allegations or "evidence" that were asserted for the first time by Plaintiff in the Objections.

employee who was treated better than her—a flaw in her claim that could not be fixed by the mere reference by the Magistrate Judge to "similarly situated employees" in the complained-of clause. The objection is alternatively overruled as moot because even if the Magistrate Judge's sentence had included "similarly situated employees," that would have had no effect the Magistrate Judge's conclusion that no causal connection exists between any potential protected activity and materially adverse employment action.

Second, Plaintiff objects to the following portion of the R&R: "Plaintiff further alleges that in April 2023, she expressed concerns about mistranslations and her own inability to understand Spanish [and] that she wrote a statement in both English and Spanish advising employees to come to her instead of Paz . . . ." (Doc. No. 19 at 10). Plaintiff argues that this portion is "misleading" because HR advised her to make the statement mentioned therein. (Doc. No. 22 at 15). This objection is overruled because this portion accurately reflects *the allegations of Plaintiff that it summarizes*—and this accuracy is unimpaired by the lack of reference to HR advising her to make the statement because neither the Complaint nor the Supplemental Complaint alleges that HR did this. And even if it were sustained, this objection would do nothing to help Plaintiff's case, and thus alternatively is overruled as moot. Even if this portion of the R&R was deemed inaccurate due the lack of reference to HR advising her to make the statement, that would not change the Magistrate Judge's ultimate (and dispositive) conclusion that the facts that Plaintiff alleges "do not rise to adverse employment changes to Plaintiff's work conditions with Defendant and have nothing to do with a protected activity which Defendant impeded." (Doc. No. 19 at 11).

Finally, Plaintiff takes issue with a statement in the "Background" section of the R&R that Plaintiff "informed Defendant that an employee had unplugged a metal detector and replaced it with a phone charger wrapped in a glove." (Doc. No. 19 at 3 (citing Doc. No. 15 at 6)). Plaintiff

does not argue that this statement is inaccurate, and indeed she could hardly do so because it is based virtually verbatim on Plaintiff's own response to the Motion to Dismiss. Plaintiff argues instead that the facts embodied in the statement are irrelevant and should not be used to show that there were issues with Plaintiff's job performance. (Doc. No. 22 at 15). However, the Court sees nothing in the R&R that would suggest that this innocuous statement of fact was treated by the Magistrate Judge as indicating in any way that Plaintiff failed to perform her job satisfactorily. Accordingly, this objection does nothing to rescue Plaintiff's retaliation claim and is overruled.

CONCLUSION

For the reasons discussed herein, Plaintiff's Objections are overruled, and the Court adopts the Magistrate Judge's R&R (Doc. No. 19). Accordingly, Plaintiff's Motion to Admit (Doc. No. 16) is DENIED,[9] Defendant's Motion to Dismiss (Doc. No. 12) is GRANTED, and this action is dismissed in its entirety.

The Clerk is DIRECTED to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[9] Plaintiff made no objections to the Magistrate Judge's recommendation to deny the Motion to Admit. Accordingly, the recommendation to deny the Motion to Admit is adopted and approved as unopposed.